UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL HIPOLITO CASTANEDA,<br><br>          Petitioner,<br><br>     v.<br><br>TIMOTHY AITKEN, et al.,<br><br>          Respondents. | Case No.  15-cv-01635-MEJ<br><br>**AMENDED ORDER TO SHOW CAUSE** |

Petitioner Miguel Angel Hipolito Castaneda has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the denial of a bond hearing by an immigration judge. Petitioner is in the custody of Immigration and Customs Enforcement ("ICE") as a part of ongoing removal proceedings.  He alleges that his bond hearing lacked adequate procedural protections, violated his Fifth Amendment right to procedural due process, and that his continued detention violates his Fifth Amendment right to substantive due process.

Under 28 U.S.C. § 2241(c)(3), a federal district court is authorized to grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  "Although [8 U.S.C.] § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011).  "[A]liens may continue to bring collateral legal challenges to the Attorney General's detention authority . . . through a petition for habeas corpus."  *Casas-Castrillon*, 535 F.3d at 946.  The Ninth Circuit has held that a federal district court has habeas jurisdiction under Section 2241 to review bond hearing determinations of an alien held in custody pursuant to removal proceedings.  *Singh*, 638 F.3d at 1200; *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).  When presented with a petition under § 2241, the

district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Here, the claims appear potentially colorable under 28 U.S.C. § 2241 and merit an answer from Respondents.  Accordingly, IT IS HEREBY ORDERED as follows:

1.      Respondents shall file with the Court and serve on Petitioner, within sixty (60) days of the date this Order is filed, an answer showing cause why a writ of habeas corpus should not be granted.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondents within thirty (30) days of the date the answer is filed.

2.      Respondents may file a motion to dismiss on procedural grounds in lieu of an answer within sixty (60) days of the date this Order is filed.  If Respondents file such a motion, Petitioner shall file with the Court and serve on Respondents an opposition or statement of nonopposition within thirty (30) days of the date the motion is filed, and Respondents shall file with the Court and serve on Petitioner a reply within fifteen (15) days of the date any opposition is filed.

**IT IS SO ORDERED.**

Dated: April 21, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

2